UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

L.L. NELSON ENTERPRISES, INC., d/b/a )
LANDLORDS MOVING SERVICE, et al., )
                                                )
       Plaintiffs,                     )
                                                )
   vs.                                           )    Case No.   4:08CV762 HEA
                                                )
THE COUNTY OF ST. LOUIS,         )
MISSOURI, et al.,                      )
                                                )
       Defendants.                   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Independent Eviction Agency, LLC and James Siebels' Motion to Dismiss Plaintiffs' First Amended Complaint, or, in the Alternative, Motion for More Definite and Certain Statement, [Doc. No. 74]; Defendants Laurie Main, Jim Buckles, Gene Overall, Paul Fox, and St. Louis County's Motion to Dismiss Plaintiffs' First Amended Complaint, [Doc. No. 77], and Defendant Richard Robinson's Motion to Dismiss, [Doc. No. 78]. Plaintiffs oppose the Motions. For the reasons set forth below, the Motions are granted.

## Facts and Background

Plaintiffs brought this action under 42 U.S.C. §§ 1983, 1985 and 1988. The Complaint alleges the following facts[1]:

---

[1] This recitation of the facts is taken strictly from the First Amended Complaint and is in no way indicative of the truth of the facts. For the purposes of this motion only, the Court must assume the truth of these facts.

For many decades, the St. Louis County Sheriff's office has not employed its own personnel to accomplish the removal of personal property from buildings subject to eviction orders during execution of the orders. The sheriff's office permits the owners of the real properties in question to hire their own private moving contractors to work with the sheriff's office personnel during the execution of eviction orders.

Plaintiff Landlords Moving is a company that has worked extensively in St. Louis County for several decades in assisting in the eviction execution process for hundreds of clients owning real estate.

For a number of years through May, 2006, Defendants Hines, Lipe, Robinson, and Rodriguez, four former deputy sheriffs and Defendant Laurie Main, were among a number of St. Louis County Sheriff's office personnel who abused their official positions in the Sheriff's office for St. Louis County by conspiring and cooperating to exact illegal cash payments from Plaintiff and other private moving companies as an unlawful and unconstitutional condition of the reasonably prompt and efficient performance of their lawful duty in enforcing state court eviction judgments.

These deputy sheriff Defendants and Defendant Main and others in the Sheriff's office, further interfered illegally in the St Louis moving services market and imposed further unconstitutional conditions on the performance of their lawful duty by referring landlords to moving companies, but only to those companies meeting their illegal payment demands, in return for the illegal cash payments.

The unlawful exacting of these payments caused Plaintiffs immediate injury in the loss of the money paid. It also caused foreseeable consequential injury in the loss

of business opportunities of various kinds.

The payments scheme resulted in the taking of money from Plaintiffs and others without just compensation and directly contrary to state and federal law, and hence, without due process of law, in violation of the taking and due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States of America. The payment scheme denied Plaintiffs and others similarly situated the equal protection of the laws guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution. The scheme in its entirety, but especially the practice of referring landlords with eviction judgments in their favor to local moving companies willing and able to satisfy Defendants' demands for unlawful payments, constituted tortious interference with, and unconstitutional restraint upon, Plaintiffs' rights to conduct their business free from unlawful interference and restraint from any state actor under the First, Fifth and Fourteenth Amendments.

In 2003 and the first half of 2004, because of the demonstrated reluctance of Plaintiffs to continue participation in the illegal payments scheme and their eventual withdrawal from participation by mid-2004, the County Defendants, (Main, Buckles, Overall, Fox, and the County), conspired and cooperated with Defendants Siebels and Independent Eviction in a deliberately discriminatory and unlawful effort to force Plaintiff Landlords Moving out of the eviction executions moving market in St. Louis County or at least to diminish greatly its participation in that market to the unlawful benefit of Independent Eviction, Siebels and the County Defendants.

In carrying out the conspiracy to force Landlords Moving out of the market,

Defendants cooperated in a campaign to shift business from Landlords to Independent Eviction. Through various manipulatory devices within the Sheriff's office, including manipulation of a deputies work schedule that deliberately disadvantaged Landlords Moving and favored Independent Eviction, Defendants steadily worked to hinder the operations of Landlords Moving. County Defendants also took steps to reduce the work of Landlords Moving, which benefitted other competitor moving companies.

Plaintiffs claim Defendant Overall (Sheriff at the time of the events in question), either participated himself in the scheme or failed to take action to halt it, or should have known of the scheme, but deliberately or willfully failed to discover it and halt it.

Plaintiffs claim that the participation of the various sheriffs, deputy sheriffs and other sheriff's office personnel in the scheme, including the conspiracy, constituted a policy of the County for § 1983 and § 1985 purposes.

Paul Fox, Director of Judicial Administration for St. Louis County, had ultimate responsibility for the operation of the Sheriff and the Sheriff's office. Plaintiffs informed Fox on many occasions throughout 2004 and later of the irregularities and deliberately or willfully failed to take necessary corrective action himself or to order corrective action by the Sheriff and his office.

The Sheriff, acting under and with the knowledge and approval of the Director of Judicial Administration, had the authority to establish policies and the authority to prohibit all conduct of County agents and employees implicated in this action, to render the County itself liable under § 1983 and § 1985.

Count II alleges that the St. Louis County Sheriff's office devised and

implemented a written schedule (the Imposed Schedule) for the execution of eviction orders in the County. The Imposed Schedule only named Plaintiff Landlords Moving and expressly limited the days on which eviction orders for Landlords Moving clients might be executed. Landlords complained to Overall and eventually to Fox about the Imposed Schedule, questioned the motivation of the Imposed Schedule, and maintained throughout 2004 and thereafter in letters from its counsel and at meetings with Overall, Fox and others that the Imposed Schedule discriminated against Landlords Moving without justification.

Shortly after the implementation of the Imposed Schedule, Defendant Main announced that she was going to put Landlords Moving out of business. Main went on openly to implement particular procedures or practices deliberately and obviously designed to disadvantage Landlords Moving. Defendant Main constructed and kept in writing a Mover Referral List in which she deliberately placed and constantly kept Landlords Moving at the bottom and placed Independent Eviction at the top of the list. Defendant Main would read the list from top to bottom in answering referral requests.

Defendant Main would tell established clients of Landlords moving that because of scheduling conflicts they would not be able to proceed with execution of an eviction order on an available date without choosing another private moving company. Main also directed other staff members in the office to follow the same invidiously discriminatory Mover referral list procedure in responding to referral requests.

Another procedure implemented was the deliberately and invidiously discriminatory practice of employing a forewarning practice (Special Pre-Execution

Procedure) with respect to only tenants holding over in possession after entry of an eviction order in property owned by a Landlords Moving client and with respect to which it was known that Landlords Moving was to be the private moving company assisting at the execution of the eviction order. Under this Procedure, one of the Former Deputy Sheriffs would travel to the real property in question and contact or attempt to contact the tenants to remind them of the date of the impending eviction and encourage them to vacate the premises. This Procedure was designed to deliberately damage Landlords Moving's business. It is alleged that Overall and Buckles and Fox either participated himself, knew of this conspiracy and retaliation but deliberately or willfully failed to discover it and halt it. They knew or should have known of Main's animus against Plaintiffs. Such conduct, according to Plaintiffs, constitutes a policy of the County of St. Louis for § 1983 and § 1985 liability.

Plaintiffs claim that the conspiracy and retaliation has denied and continues to deny them their rights to freedom of speech and to petition the federal and state governments for redress under the First and Fourteenth Amendments of the U.S. Constitution; that the conspiracy and retaliation has continued the tortious interference with, and unconstitutional restraint upon, Plaintiffs' rights under the First, Fifth and Fourteenth Amendments to conduct their business free from unlawful interference and restraint from any state actor; and that the conspiracy and retaliation has continued the denial to Plaintiffs of the qual protection of the laws guaranteed in the Fifth and Fourteenth Amendments to the U.S. Constitution.

Count III alleges that Plaintiffs contacted the United States Attorney's office

and reported the illegal payments scheme. Plaintiffs cooperated with federal officials in the investigation and prosecution of various state officials and private parties including Defendants Hines, Lipe, Robinson, and Rodriguez and testified in federal court on behalf of the prosecution.

Since the investigation and indictment of these Defendants, Defendant Main and other personnel in the Sheriff's office have, in retaliation against Plaintiffs, continued and even increased the extent of their conspiracy and campaign with all the defendants to injure Landlords Moving by acting in concert to shift clientele from Landlords Moving to Independent Eviction and other movers by making Landlords Moving wait for enforcement of eviction orders in their favor. Plaintiffs claim Overall and Buckles and Fox either participated, knew of, or should have known of the conspiracy and retaliation but deliberately or willfully failed to discover it and halt it. Plaintiffs contend this constitutes a policy of the County for §§ 1983 and 1985 liability. The claimed conspiracy and retaliation has denied Plaintiffs their rights to freedom of speech and to petition the federal and state governments for redress under the First and Fourteenth Amendments and has restrained Plaintiffs' rights under the First, Fifth and Fourteenth Amendments.

Count IV seeks a declaration of duties under § 534.355 and injunction to assure discharge of those duties from this Court.

Defendants[2] move for dismissal for failure to state a cause of action.

---

[2] Defendant Rodriguez has not been served in this matter and Defendant Hines is in default.

## Discussion

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be

dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pursuant to Eighth Circuit precedent, to state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir.2009). Plaintiffs have not alleged that Defendants were acting under color of state law during the purported violations. However, for purposes of this discussion even assuming that Plaintiffs alleged that Defendants were acting under color of state law, there remains the issue of whether the Complaint adequately alleged that Defendants deprived Plaintiffs of a constitutionally protected federal right. Plaintiffs claim that the initial complaint asserts deprivation of their First, Fifth and Fourteenth Amendment rights. The Court disagrees.

**First Amendment Retaliation**

"To successfully plead a First Amendment retaliation claim, a plaintiff must plausibly plead that he/she 'engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [them] that would chill a

person of ordinary firmness from engaging in that activity.' *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir.2007)." *Zutz,* 601 F.3d at 849. Plaintiffs may have plausibly pled that they were engaged in protected activity, however, the Complaint fails to set forth that Defendants' actions were made with an intent to retaliate for the protected activity. *Id.* Plaintiffs have not, and apparently cannot, so claim because Defendants' action occurred prior to the alleged retaliation for Plaintiffs' cooperation with the authorities. Moreover, Plaintiffs have not plausibly pleaded that the protected activity would chill a person of ordinary firmness, the First Amendment retaliation claims must be dismissed. *Zutz*, 601 F.3d at 848-849.

The only retaliatory harms Plaintiffs allege are economic damages. While the alleged actions may have a had an economic impact on Plaintiffs' business, the allegations are insufficient to chill a person of ordinary firmness from engaging in the protected activity. Plaintiffs have not alleged sufficient facts to plausibly set out that they are entitled in any way to do business with the County.

**Fifth Amendment Claim**

Plaintiffs also contend that they have asserted a Fifth Amendment violation. However, since "[t]he Fifth Amendment's Due Process Clause applies only to the federal government or federal actions, and [Plaintiffs] have not alleged that the federal government or federal action deprived them of " property, without due process or that private property was taken for public use, without just compensation. Thus, the Fifth Amendment claims must fail. *Barnes v. City of Omaha*, 574 F.3d 1003, 1005 n. 2 (8th Cir.2009).

**Fourteenth Amendment Claims**

The gravamen of Plaintiffs' claims are that they were deprived of the privilege granted by the County to execute eviction orders. However, not every "privilege" is encompassed within Section 1983.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Plaintiffs claim that they were denied the privilege of doing business with the County. These allegations are insufficient to rise to the level of stating a plausible cause of action under § 1983 because none of the allegations establish that the alleged wrongful conduct deprived Plaintiffs of a "constitutionally protected

federal right." *Zutz*, 601 F.3d at 848, quoting *Schmidt*, 557 F.3d at 571. See also, *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001). Plaintiffs alleged privilege to do business is not connected to any Constitutional or law which would entitle them to relief under § 1983.

**Conspiracy 1983 and 1985**

The Complaint also states that Defendants conspired to deprive Plaintiffs of civil rights. To plead a § 1983 conspiracy claim a plaintiff must plead that he suffered "a deprivation of a constitutional right or privilege." *Zutz*, 601 F.3d 850, quoting *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir.1999). As noted above, the Plaintiffs have failed to allege such a deprivation. Thus, their Complaint falls short of stating a cause of action.

Plaintiffs also claim a violation of Section 1985. While unclear from the allegations of the Complaint under which provision of § 1985 Plaintiffs bring their claims, Plaintiffs have failed to allege a plausible claim under either Subsection (2) or (3).

The relevant provisions of Section 1985 provide:

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account

of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal

manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. § 1985

Any claims under 42 U.S.C. § 1985(3)[3] must be dismissed because they do not allege that he is a member of a protected class. Although Plaintiffs do not specify in the First Amended Complaint under which subsection of 1985 they bring this claim, section 1985(3) is the only section that is relevant to the facts alleged in Plaintiffs' First Amended Complaint. To state a claim under section 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breck*, 403 U.S. 88, 102 (1971)

---

[3] In their Memorandum in Opposition to the Motions to Dismiss, Plaintiffs claim that they are bringing their Section 1985 claims under Subsection (2).

(plaintiff must allege these two elements to state a section 1985(3) claim). Nothing in Plaintiffs' First Amended Complaint indicates that Defendants were motivated by purposeful discrimination, or that Plaintiffs are members of a protected class. As such, Plaintiffs fail to state a claim under section 1985(3). See *United Bhd.*, 403 U.S. at 102.

Section 1985(2) provides remedies against anyone who conspires to obstruct justice by intimidating a party, witness, or juror. The allegations of the First Amended Complaint do not fall within the perameters of Subsection (2) because Plaintiffs do not contend they were deterred from testifying, rather, they contend that they retaliated against for having cooperated with the authorities.

Plaintiffs' claims under 42 U.S.C. § 1988 must also be dismissed because that section does not provide Plaintiffs a separate cause of action. See 42 U.S.C. § 1988 (providing for the imposition of state law in areas not addressed by federal civil rights laws, and for the recovery of attorney's fees and costs in certain successful civil rights actions).

**Declaratory Judgment Claims**

This Court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), and because "the Declaratory Judgment Act ... does not provide an independent basis for federal jurisdiction." *Victor Foods, Inc. v. Crossroads Econ. Dev.*, 977 F.2d 1224, 1227 (8th Cir.1992) (citation omitted). Because the Court has dismissed the federal claims, the Court concludes that it will not exercise jurisdiction over

declaratory relief claims.

## Conclusion

In sum, the First Amended Complaint fails to plausibly allege the deprivation of any constitutional right, a necessary element of any § 1983 claims. Likewise, the First Amended Complaint fails to satisfy the requirements for stating a claim under 42 U.S.C. § 1985. Because of this Plaintiffs' claims for Section 1988 relief are dismissed as well. The Court declines to exercise jurisdiction over Plaintiffs' declaratory relief claims.[4]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Independent Eviction Agency, LLC and James Siebels' Motion to Dismiss Plaintiffs' First Amended Complaint, or, in the Alternative, Motion for More Definite and Certain Statement, [Doc. No. 74], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Laurie Main, Jim Buckles,

---

[4] Although a court "should freely give leave when justice so requires,' see Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985). The Eighth Circuit has held that where a party merely includes a request for leave to amend as part of its opposition to a motion to dismiss, and does not submit a proposed amended pleading, leave to amend is properly denied. See *In re Novastar Fin. Inc., Sec. Litig.* 579 F.3d 878, 884-85 (8th Cir. Sept. 1, 2009); *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 880 (8th Cir. 2002); *Clayton*, 778 F.2d at 460.

Gene Overall, Paul Fox, and St. Louis County's Motion to Dismiss Plaintiffs' First Amended Complaint, [Doc. No. 77], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Richard Robinson's Motion to Dismiss, [Doc. No. 78], is **GRANTED**.

Dated this 21st day of June, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE